## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **RICHARD CASTAVIOUS DAUGHTRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:22-CV-00059-TES-CHW** |
| | : | |
| **LIEUTENANT PROSSER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

*Pro se* Plaintiff Richard Castavious Daughtry, an inmate most recently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).  On February 3, 2022, Plaintiff was advised that his unsigned Complaint did not comply with Federal Rule of Civil Procedure 11, which requires "[e]very pleading, written motion, and other paper" to be "signed by . . . a party personally if the party is unrepresented."  Plaintiff was thus directed to sign and re-file his Complaint.  Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to comply could result in the dismissal of his Complaint.  *See generally* Notice of Deficiency, Feb. 3, 2022.

The time for compliance has now passed without a response from Plaintiff.  Federal Rule of Civil Procedure 11 requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention," and the failure to comply with the orders and instructions of the Court is also grounds for dismissal.

As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond.

In addition, the Court has reviewed Plaintiff's pending motion for leave to proceed *in forma pauperis* (ECF No. 2) and finds it is incomplete.  A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).  Plaintiff has not submitted any of this information.  Accordingly, Plaintiff is also **DIRECTED** to submit a proper and complete motion to proceed without the prepayment of the filing fee, which should include a certified copy of his prison trust fund account statement.  The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms, marked with the case number for the above-captioned action, for this purpose. Plaintiff shall also have **FOURTEEN (14) DAYS** from the date shown on this Order to submit his complete and proper motion to proceed *in forma pauperis*.

In sum, Plaintiff shall have **FOURTEEN (14) DAYS** to (1) respond and show cause why his Complaint should not be dismissed for failing to comply with the Court's orders and instructions and Federal Rule of Civil Procedure 11 and (2) submit a proper and complete motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information.  **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.**  Plaintiff is also instructed to

notify the Court immediately and in writing of any change in his mailing address.  There shall be no service of process until further order of the Court.

**SO ORDERED**, this 2nd day of March, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge